**ALD-003**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2389
_____

EARL PEEPLES,
                                        Appellant
v.

HONORABLE JAMES N. CITTA, Justice of the
Superior Court of New Jersey; THE COUNTY OF OCEAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:11-cv-06238
District Judge:  Honorable Joel A. Pisano
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2012
Before:  SLOVITER, VANASKIE and WEIS, Circuit Judges

(Opinion filed: October 15, 2012)
_____

OPINION
_____

PER CURIAM.

    Earl Peeples, an inmate proceeding pro se and in forma pauperis, appeals from an

order of the United States District Court for the District of New Jersey dismissing with

prejudice his civil rights action brought pursuant to 42 U.S.C. § 1983.  Because this

appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In submissions to the District Court, Peeples asserts that Judge Citta, the Superior Court of New Jersey judge who presided over Peeples' criminal trial, violated various ethical canons by accepting a statement made by his victim's mother into evidence at sentencing and by commenting that Peeples' picture should be used to illustrate the topic of domestic violence and that there were similarities between his trial and the trial of O.J. Simpson. Peeples also alleges that Judge Citta is not entitled to absolute immunity because he acted with a "malicious intention" to deprive Peeples of his First Amendment right to free speech by imposing a retaliatory sentence.

In October 2011, Peeples filed this civil rights action against Judge Citta, but his action was administratively terminated on January 6, 2012 because of his failure to either pay the full filing fee or submit a complete application to proceed in forma pauperis. In April 2012, Peeples wrote a letter requesting that the District Court reopen his case, and he included his complete in forma pauperis application with this letter. On April 16, 2012, the District Court entered an Order and accompanying Opinion granting Peeples' motion to reopen the case but dismissing his complaint with prejudice. In its Opinion, the District Court determined that Judge Citta was entitled to judicial immunity and that providing Peeples leave to amend his complaint would be futile. Peeples then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Peeples' claims for damages against Judge Citta are barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) ("[G]enerally, a judge is immune from a suit for money damages."); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."); Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir.

3

1998) ("It is settled that absolute judicial immunity extends only to claims for damages . . . ."). While Judge Citta's language may been viewed as disagreeable, none of his actions mentioned in Peeples' complaint were taken "in the complete absence of all jurisdiction," Mireles, 502 U.S. at 12 (citing Stump, 435 U.S. at 356), and we agree that Peeples' claims for damages are subject to dismissal.

Furthermore, Peeples' claim that Judge Citta acted with a "malicious intention" cannot overcome the immunity.[1] See Mireles, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."); Forrester v. White, 484 U.S. 219, 227 (1988) (an act "does not become less judicial by virtue of an allegation of malice"); Stump v. Sparkman, 435 U.S. 349, 356-57 (citation omitted) ("A judge will not be deprived of immunity because the action he took . . . was done maliciously . . . ."). Although "immunity, whether qualified or absolute, is an affirmative defense which must be affirmatively pleaded," Kennedy v. City of Cleveland, 797 F.2d 297, 300 (6th Cir. 1986), the District Court did not err in raising it sua sponte because the defect was clear from the face of Peeples' complaint, Ray v. Kertes, 285 F.3d 287, 296 (3d Cir. 2002).

---

[1] We further agree with the District Court that Peeples' "retaliation" claim also lacks merit. To establish a claim of retaliation, a plaintiff must meet a three-part test. First, the plaintiff must prove that he engaged in a constitutionally-protected activity; second, he must demonstrate that the government responded in a retaliatory manner; and third, he must show that the particular protected activity caused the particular retaliation. Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 282 (3d Cir. 2004). Here, Peeples merely mentions that his First Amendment right to free speech was violated at his sentencing; however, his complaint instead complains of Judge Citta's speech. Therefore, we agree with the District Court that Peeples cannot meet the three-part test because he has not asserted a protected activity and has not demonstrated a causal connection.

In his argument supporting his appeal, Peeples asserts that he should have been provided leave to amend his complaint. Generally, a District Court should not sua sponte dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) without providing an opportunity for the plaintiff to amend the complaint. However, because we do not see how Peeples could have amended his complaint to overcome judicial immunity, amendment would be futile and we conclude that the District Court did not err in declining to allow Peeples leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.